IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

    Petitioner,                   No. CIV S-05-1833 LKK DAD P

    vs.

G. WOODFORD, et al.,            ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        In his petition, petitioner seeks to challenge findings and recommendations filed May 9, 2005, in a civil rights action in which he was the plaintiff. Although petitioner does not provide the case number for the matter in which the challenged findings and recommendations were issued, court records indicate that in the case entitled Campbell v. Woodford, CIV S-04-2268 GEB CMK P, U.S. Magistrate Judge Craig Kellison issued findings and recommendations on May 9, 2005, recommending dismissal of plaintiff's civil rights action due to his failure to

1

exhaust administrative remedies.[1] Those findings and recommendations were adopted by the assigned District Judge on June 21, 2005 and petitioner's civil rights complaint was dismissed without prejudice. In this action, petitioner argues that the findings and recommendations issued in his civil rights action did not adequately explain how he had failed to exhaust his administrative remedies. In addition, petitioner argues that the court erred when it concluded that petitioner had failed to properly serve the defendants.[2]

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

        The court will recommend that his action be summarily dismissed. A petition for a writ of habeas corpus is the proper vehicle by which to challenge the fact or duration of a prisoner's custody and where a determination of the action may result in the prisoner's entitlement to an earlier release. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). Here, petitioner improperly seeks review of the court's dismissal of his civil rights complaint through a petition for writ of habeas corpus. This is not a proper basis for a habeas action.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis is granted.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] This is a perplexing allegation since the findings and recommendations issued on May 9, 2005, in petitioner's civil rights action do not address any issue with respect to whether he failed to properly serve the defendants in that action.

1    Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
2 habeas corpus be summarily dismissed with prejudice.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, petitioner may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED: October 2, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
camp1833.156